Josh Lamborn, OSB #973090
jpl@pdxinjury.com
The Law Office of Josh Lamborn, P.C.
50 SW Pine St., Suite 301
Portland, OR 97204-3535
Phone: (503) 546-0461
Fax: (503) 914-1507

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| MATTHEW KAPLAN, in his capacity as Personal Representative of The Estate of Zahavah Townsend, | Case No.: 3:23-cv-00846-HZ |
| Plaintiff, | |
| v. | **PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS** |
| STATE OF OREGON, by and through its Department of Human Services, and DANNE SLEZAK, in her individual capacity, | **REQUEST FOR ORAL ARGUMENT** |
| Defendants. | |

## MOTION

Plaintiff moves for judgment on the pleadings as to defendant's First Affirmative Defense, Comparative Fault. In the alternative, plaintiff moves for Summary Judgment of same. This motion is based on Fed. R. Civ. P. 12(c) and 56 and supported by the Declaration of Josh Lamborn ("Decl.") and referenced exhibits.

## LR 7-1

Plaintiff conferred with defense counsel in good faith by phone regarding each claim, defense and issue involved in the proposed motion, but we were unable to resolve the dispute.

## BACKGROUND

Plaintiff is the duly appointed Personal Representative (P.R.) of Z.T., a minor child who was killed when her mother, Amber Riddle (Riddle) crashed her car while driving recklessly and under the influence of intoxicants. Plaintiff alleges defendant, the State of Oregon, through its Department of Human Services ("DHS") and Danne Slezak ("Slezak"), negligently allowed Riddle to take Z.T. to Portland from Medford without a booster seat, in violation of a court issued Immediate Danger Order and despite her intoxication.

## STANDARDS

A motion for judgment on the pleadings may be brought after the pleadings are closed but within such time as not to delay the trial. Fed. R. Civ. P. 12(c). Rule 12(c) is "functionally identical" to Rule 12(b)(6) and "the same standard of review" applies to motions brought under either rule. *Cafasso v. Gen. Dynamics C4 Sys.,* 637 F.3d 1047, 1055 n4 (9th Cir. 2011). If matters outside the pleadings are presented to and not excluded by the court, the motion is to be treated as one for summary judgment. Fed. R. Civ. P. 12(d).

Judgment on the pleadings is proper when there are no issues of material fact and the moving party is entitled to judgment as a matter of law. *Bagley v. CMC Real Estate Corp.,* 923 F.2d 758, 760 (9th Cir. 1991). All allegations of fact by the non-moving party are accepted as true and are construed in the light most favorable to that party. *Id.* To survive a Rule 12(c) motion, "the complaint's factual allegations, together with all reasonable inferences, [must] state a plausible claim for relief." *Cafasso,* 637 F.3d at 1053 (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679.

## ANALYSIS

Plaintiff moves for judgment on the pleadings with respect to defendants' First Affirmative Defense – Comparative Fault, Answer ¶¶ 24-26. Within defendants' comparative fault allegations, defendants allege Riddle, as beneficiary of the estate, is a real party in interest and therefore her negligence is imputed to the P.R. Answer ¶ 24.

<u>Comparative Fault</u>

Oregon's comparative fault statute, ORS 31.600, precludes consideration of Riddle's fault as a matter of law because she does not fit within any of the categories listed in ORS 31.600(2). By its explicit terms, the comparative fault statute, ORS 31.600(2), allows the trier of fact to compare the fault of four groups: (1) the claimant, (2) any party against whom recovery is sought, (3) third-party defendants liable to the claimant, and (4) any person with whom the claimant has settled. ORS 30.020, Oregon's wrongful death statute, provides, in part:

> "(1) When the death of a person is caused by the wrongful act or omission of another, the personal representative of the decedent, for the benefit of the decedent's surviving spouse, surviving children, surviving parents and other individuals, if any, who under the law of intestate succession of the state of the decedent's domicile would be entitled to inherit the personal property of the decedent, * * * may maintain an action against the wrongdoer, if the decedent might have maintained an action, had the decedent lived, against the wrongdoer for an injury done by the same act or omission."

Defendants claim that because Riddle is a statutory beneficiary under ORS 30.020, her alleged fault can be considered as a "claimant" under ORS 31.600(2). That is, defendants contend, in a wrongful death action, the comparative fault statute allows the factfinder to consider the comparative fault of any statutory beneficiaries and diminish damages accordingly.

In *Robinson v. CSD,* 140 Or App 429 (1996), the Oregon Court of Appeals agreed that the (then existing) wrongful death statute, ORS 18.470 (1993), allowed defendants to compare the

fault of beneficiaries under the comparative fault statute because a beneficiary was a "person seeking recovery" under the statute. However, this case is distinguishable in three ways.

First, in *Robinson*, both beneficiaries were comparatively at fault; that is not the case here. The *Robinson* court specifically limited their holding to the facts of that case and declined to address how the contributory negligence of a designated beneficiary affects the recovery of other beneficiaries who are not alleged or found to be contributorily negligent.[1] That made some sense in that the only person who could benefit from the lawsuit was the person who was also allegedly negligent. In this case, there is no allegation decedent's father was at fault in any way. Allowing the jury to consider Riddle's fault could destroy the father's claim if the jury is allowed to apportion fault between Riddle and defendants. The decision of whether to award any money to Riddle is best left up to the judge in any disbursement proceeding conducted by the probate court.

Second, unlike the beneficiaries in *Robinson* who were merely found to be negligent, in this case Riddle's fault can only be characterized as "wanton" or "reckless." Oregon's comparative fault statute does not allow for the comparison of fault between a negligent tortfeasor with that of a wanton, reckless or intentional tortfeasor. *Miller v. Agripac*, 322 Or App 202 (2022), See also: *Shin v. Sunriver*, 199 Or App 352, *rev. den*., 339 Or 406 (2005)(Negligent tortfeasor not entitled to apportionment findings under ORS 31.605, where the negligent tortfeasor sought to avoid liability for the wrongdoing of an intentional tortfeasor who raped the plaintiff).

---

[1] *Robinson v. CSD*, 140 Or App 429 (1996), fn.[4]: "The Oregon cases have not addressed how contributory negligence applies when there is more than one beneficiary for whose benefit the wrongful death action is brought. The court alluded in *Oviatt* to the problems that multiple beneficiaries can create, *see,* 210 Or. at 454,311 P.2d 746, but it was not required to address those problems in *Ditty* because the designated beneficiary in that case was the sole beneficiary, *see,* 219 Or. at 216-19, 347 P.2d 47. The prevalent view in other states is that contributory negligence is a defense that applies to claims for people who are designated beneficiaries even if the defense does not apply to all the beneficiaries in the action. *See, e.g., Restatement (Second) of Torts* § 493 & comment *a* (1965). Although not directly addressed in Oregon, we believe that Oregon law is consistent with the *Restatement* view on the issue, which would allow the defense in this case. Because both plaintiff and her husband were alleged to be contributorily negligent, and the sole issue on appeal is whether their contributory negligence was a defense to plaintiff's claim, we do not address how the contributory negligence of a designated beneficiary affects the recovery of other beneficiaries who are not alleged or found to be contributorily negligent. *See, e.g., id.; Oviatt,* 210 Or. at 451, 311 P.2d 746."

In *Miller*, the court explained that in the world of torts, there are four categories of "conduct" into which an "infinite" number of factual situations may be placed: (1) simple negligence; (2) gross negligence; (3) an aggravated from of negligence that is often described as "wanton" or "reckless" conduct; and (4) intentional misconduct. *Miller*, at 214 (citing *State v. Gutierrez-Medina*, 365 Or 79 at 86-87 (2019). *Miller* goes on to explain that the defense of comparative fault is only available if the fault of the other party falls into one of the first two categories; if the party's conduct is reckless or intentional, comparative fault is no defense. *Miller*, at 224. The Miller court specifically noted: "[T]he upshot of *Shin* is that the group of people identified in ORS 31.605—the group whose collective negligence is to be compared to the plaintiff's negligence for purposes of the defense of comparative fault—does not include people who behaved wantonly or intentionally. Because those people are simply not in the comparison group, *they not only cannot rely on the defense of comparative fault themselves, but no one can look to them for apportionment under ORS 31.605. Miller*, at 224 (citing *Shin*).

Defendant's pleading attempts to characterize Riddle's behavior as merely negligent, but their comparative fault allegation alleges Riddle was driving at an unsafe speed, committed a number of other driving violations and was under the influence of intoxicants (Decl. ¶3). Additionally, defendants' First Affirmative Defense alleges Riddle's driving violations and driving under the influence of intoxicants was the "direct and proximate cause of the decedent's injuries and death." (Decl. ¶ 3). In the body of the defendants' answer to the complaint defendants also admit Riddle was indicted, as alleged in paragraph 15 of the plaintiff's complaint (Answer ¶ 15). Plaintiff's complaint alleges a Lane County Grand Jury indicted Riddle on charges that include Manslaughter in the First Degree, two counts of Assault in the Third Degree, DUII and three counts of Recklessly Endangering Another Person. (Decl. ¶1). Defendants admit Riddle was indicted, but deny the remaining allegations (of paragraph 15)(Decl.¶2). Manslaughter in the First Degree

requires a reckless mental element combined with the defendant manifesting extreme indifference to the value of human life. All of the remaining charges, except for DUII, which has no *mens rea* requirement, require a reckless mental state. (Decl. ¶8). In Oregon, the grand jury may only find an indictment when all the evidence before it, taken together, is such as in its judgment would, if unexplained or uncontradicted, warrant a conviction by the trial jury. ORS 132.390. In order to convict a defendant of a criminal charge at trial, the jury must unanimously find the defendant guilty, beyond a reasonable doubt. The grand jury determined there was sufficient evidence to prove her case to that standard when they voted on the true bill. Taking just what the defendants allege in their own pleadings, there is sufficient evidence to grant the motion for judgment on the pleadings. In *Miller*, the court looked at the jury instruction used to define "reckless" at the trial below which read:

> "Recklessness means an intentional doing or failing to do an act when one knows or has reason to know off acts which would lead a reasonable person to realize that their conduct not only creates unreasonable risk of harm to others but also involves a high degree of probability that substantial harm would result."

*Miller*, at 215. The court concluded that reckless conduct was essentially synonymous with "wanton" conduct and that the jury instruction given was accurate. As a result, the court ruled that Oregon's comparative fault statute did not apply. Riddle's driving while intoxicated, speeding, failing to stay in her lane, use reasonable care, or maintain a lookout, all of which defendants admit in their pleadings, is reckless conduct. As such, the defense of comparative fault is not available to defendants.

In addition to the reasons provided above, defendants' are caught in a catch 22 in their Affirmative Defense against Riddle. Under the comparative fault statute, their defense is only viable if Z.T. could maintain an action against her mother. ORS 31.600(2) (DHS' fault can only be compared with "the fault of third party defendants who are liable in tort to the claimant") ORS

31.600(2); ORS 31.600(2)(a) ("there shall be no comparison of fault with any person * * * [w]ho is immune from liability to the claimant."); ORS 31.800(1)("Except as otherwise provided in this section, where two or more persons become jointly or severally liable in tort for the same injury to person or property or for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them. There is no right of contribution from a person who is not liable in tort to the claimant."); *Hurley v. Horizon Project, Inc.,* CV-08-1365-ST, 2009 WL 5511205, at *2 (D. Or. Dec. 3, 2009) ("Oregon's comparative fault scheme, of which its contribution statutes are an integral part, does not allow a comparison of fault between intentional tortfeasors.").

In *Martin v. Yunker,* 121 Or App 77 (1993), the Oregon Court of Appeals set a standard for when acts or omissions of a parent may be privileged or non-tortious toward their child, applying comment k of *Restatement (Second) of Torts §895G* in holding that if the parent's acts or omissions grow directly out of a family relationship, they must be "palpably unreasonable" to subject the parent to civil liability. *Id*. at 83. The Court went on to equate "palpably unreasonable" conduct as reckless disregard of the rights of others. *Id.*

Therefore, in order for defendants to compare the fault of Riddle, she must be liable in tort to Z.T., but in order for her to be liable in tort to Z.T., her conduct must be "palpably unreasonable," which is synonymous with reckless or wanton. If her conduct is reckless or wanton, defendants cannot compare her fault under Oregon's comparative fault statute.

Third, the defense of comparative fault is also not available to defendants in this case because they are trying to compare the fault of a person their own fault enabled, which is the very basis of the plaintiff's claim. In other words, the plaintiff's claim is that the defendants had a duty to prevent Riddle's behavior and they failed to do so. The defense cannot then try to compare their fault with the actor they were supposed to keep from harming the decedent. Plaintiff in *Robinson*

failed to make this argument as to the defense of comparative fault applying to the decedent and the fault of the parents in *Robinson* is distinguishable from the case at bar.

In *Cole v. Multnomah County*, 39 Or App 211, *rev denied*, 286 Or 449 (1979), the plaintiff, after harming himself while attempting suicide, sued Multnomah County *et al*. for negligently failing to protect him when employees of the County Jail knew he was mentally ill and potentially suicidal. The defense asserted by the defendants was contributory negligence, upon which they prevailed at trial. In reversing the verdict, the Court of Appeals wrote:

> "Defendants argue that a person with mental illness is held to the same standard of care as a normal person, and thus that an insane person can be contributorily negligent. Abstractly, that may well be, but it misses the point in this case. Here, plaintiff contends that the failure of defendants to furnish him medical attention or otherwise prevent him from attempting suicide was a negligent breach of duty. Defendants' allegations of contributory negligence simply restate what plaintiff alleged in his complaint — that he was driven by mental illness to attempt suicide. Under these circumstances, the acts which plaintiff's mental illness allegedly caused him to commit were the very acts which defendants had a duty to prevent, and these same acts cannot, as a matter of law, constitute contributory negligence."

*Cole v. Multnomah County*, 39 Or App at 214. There is no meaningful distinction between Multnomah County's assertion of contributory negligence in *Cole* and DHS's assertion of comparative negligence in this case. The harm that befell Z.T. was a product of the very acts that DHS had a duty to prevent, and those same acts cannot, as a matter of law, constitute comparative fault. The court should grant plaintiff's motion on this basis.

Finally, defendants' First Affirmative Defense pleading makes no distinction between state law claims and federal claims under §1983. Answer ¶¶ 24-26. This court should find that comparative fault is not a defense to the §1983 claims. While there is no Ninth Circuit case on point, other circuits have weighed in,[2] and there is a strong argument against apportionment of fault in civil rights cases.

---

[2] *See, Quesada v. County of Bernalillo,* 944 F.2d 710 (10th Cir. 1991)(*Citing, Clappier v. Flynn,* 605 F.2d 519, 530 (10th Cir. 1979)(§1983 does not allow comparison of fault between the plaintiff and defendant*); McHugh v. Olympia*

In *Hurley v. Horizon Project, Inc.,* 2009 WL 5511205, at *5 (D. Or. Dec. 3, 2009), Magistrate Judge Stewart held that "[a]llowing a party who has violated another person's civil rights to pass some liability on to another would diminish the deterrent effect of § 1983." Judge Stewart found there was no right to contribution under §1983 and incorporating Oregon's state law principles of contribution "is inconsistent with the purposes underlying §1983." *Id.* District Judge Redden modified Judge Stewart's opinion only to the extent that there might be contribution on the negligence claim, but he adopted her analysis on the §1983 claim. *See Hurley v. Horizon Project, Inc.*, 2010 WL 273806 (D. Or. Jan. 15, 2010).

In *Estate of Moreno v. Correctional Healthcare Companies, Inc.,* 2019 WL 1073237, at *2 (E.D. Wash. Aug 5, 2019), a Washington district judge wrote: "[S]everal federal courts have recognized that the traditional tort affirmative defenses of comparative fault and contributory negligence, as well as the concepts of apportioning fault among all liable parties, do not apply in §1983 actions. * * * While defendants in §1983 actions may argue that other people are responsible for the plaintiff's injuries, defendants may not ask the jury to apportion fault among parties and non-parties, including other defendants, under state comparative fault and apportionment laws."

Other district courts in the Ninth Circuit have held there is no right to contribution or indemnification under §1983. *See, e.g., Acasio v. Lucy,* 2017 WL 1316537, at *15 (N.D. Cal. Apr. 10, 2017) ("The Ninth Circuit has stated that there is no right to contribution or indemnification provided in 42 U.S.C. § 1983."); *see also, Stoddard-Nunez v. City of Hayward,* 2016 WL 1588271, at *4 (N.D. Cal. Apr. 20, 2016)(extending this principle to argue that contribution and indemnification also should not apply to related state law claim, even though they are allowed under state law, because of preemption principles).

---

*Entm't, Inc.*, 37 F. App'x 730, 736 (6th Cir. 2002)(Comparative negligence "does not apply to damages for federal constitutional rights violations.")

Summary Judgment

As stated above, if matters outside the pleadings are presented to and not excluded by the court, a motion for judgment on the pleadings is to be treated as one for summary judgment. Fed. R. Civ. P. 12(d). If the court finds there is insufficient evidence in the pleadings alone to grant plaintiff's motion for judgment on the pleadings, the court should look to plaintiff's declaration and supporting exhibits and treat the motion as one for summary judgment. Under Fed. R. Civ. P. 56(a), summary judgment must be granted when, with the evidence viewed in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Sandoval v. Cnty. Of San Diego,* 985 F.3d 657, 665 (9th Cir. 2021), cert. denied 142 Ct. 711 (2021).

On November 20, 2022, Riddle smoked marijuana and drank alcohol prior to loading her children into her car and driving while intoxicated from Medford to Portland, Oregon. (Decl. ¶6). She failed to properly strap her younger child into her car seat and did not have a booster seat for Z.T. in violation of Oregon law. ORS 811.210. (Decl. ¶6). Defendants admit Riddle was driving under the influence of intoxicants (Answer. ¶¶24-26). Prior to crossing into the oncoming traffic lane and crashing head-on into another vehicle and seriously injuring the occupants, she was driving over the speed limit and passing cars in a no passing zone and around a blind corner. (Answer. ¶¶24-26. Decl. ¶¶4, 5). Given the facts in this case regarding Riddle's conduct on November 20, 2022, no reasonable juror could find her conduct was anything other than wanton and reckless.

///

///

///

///

**CONCLUSION**

In conclusion, plaintiff respectfully requests the Court dismiss defendant's First Affirmative Defense of Comparative Fault.


DATED this 2nd day of July, 2024.


THE LAW OFFICE OF JOSH LAMBORN, P.C.


/s/ Josh Lamborn
Josh Lamborn, OSB #973090
The Law Office of Josh Lamborn, P.C.
50 SW Pine St., Ste. 301
Portland, OR 97204
Tel: 503-546-0461
Fax: 503-914-1507
E-Mail: jpl@pdxinjury.com
Attorney for Plaintiff