Josh Lamborn, OSB #973090
jpl@pdxinjury.com
The Law Office of Josh Lamborn, P.C.
50 SW Pine St., Suite 301
Portland, OR 97204-3535
Phone: (503) 546-0461
Fax: (503) 914-1507

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# DISTRICT OF OREGON
# PORTLAND DIVISION

| | |
|---|---|
| MATTHEW KAPLAN, in his capacity as Personal Representative of The Estate of Zahavah Townsend, <br><br> Plaintiff, <br><br> v. <br><br> STATE OF OREGON, by and through its Department of Human Services, and DANNE SLEZAK, in her individual capacity, <br><br> Defendants. | Case No.: 3:23-cv-00846-AB <br><br> **PLAINTIFF'S MOTION FOR ENTRY OF LIMITED JUDGMENT FOR DEFENDANT DANNE SLEZAK** |

## LOCAL RULE 7-1 CERTIFICATION

Pursuant to Local Rule 7-1, counsel for Plaintiff certifies he conferred with Mr. Smith, counsel for Defendants State of Oregon and Danne Slezak, on the issues raised in this motion. Defendants oppose the relief sought in this motion.

## MOTION

Pursuant to Federal Rule of Civil Procedure (Rule) 54(b), and for the reasons set forth in the memorandum of authorities set forth below, Plaintiff respectfully moves for entry of a final limited judgment with respect to Plaintiffs' claims against Defendant Danne Slezak.

1 – **PLAINTIFF'S MOTION FOR ENTRY OF LIMITED JUDGMENT FOR DEFENDANT DANNE SLEZAK**

## MEMORANDUM OF AUTHORITIES

Under Rule 54(b), a district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

Before entry of judgment, Rule 54(b) requires the Court to undertake a two-step inquiry. *See generally Bullseye Glass Co. v. Brown*, 2019 WL 8323622, at *1 (D. Or. Sept. 10, 2019) (so describing the Rule 54(b) analysis). First, the Court must determine whether it has issued a "final judgment"; namely, "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Wood v. GCC Bend LLC*, 422 F.3d 873, 877 (9th Cir. 2005) (citing *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 466 U.S. 1, 7–10 (1980)). Second, the Court must determine whether there is any just reason for delay. "It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal." *Wood*, 422 F.3d at 877. That discretion is to be exercised "in the interests of sound judicial administration." *Curtiss-Wright Corp.*, 466 U.S. at 8.

This Court's Opinion and Order fully disposed of Plaintiff's civil rights claim against Defendant Slezak. ECF 51, at 30. Thus, the first step of the Rule 54(b) analysis readily is satisfied.

There is also no just reason to delay entry of a limited judgment for Defendant. In its Opinion and Order, the Court held that in violating an immediate danger order issued by a judge against the decedent's mother, it was not foreseeable the mother would harm the decedent in the manner in which she did, to wit: drunk driving. ECF 51, at 29. The Court further reasoned that defendant's mistaken belief that DHS employees' decisions "trump" court orders does not show deliberate indifference. *Id*. at 32.

That reasoning demonstrates that this is not a routine case, and thus entry of a limited judgment is appropriate. *Contra Wood*, 422 F.3d at 879 (routine nature of partial adjudication of overlapping claims in employment discrimination case renders it not amenable to Rule 54(b) request). There is also nothing about this case to suggest it "should be reviewed only as [a] single uni[t]," alleviating potential concerns over piecemeal appeals of related claims or issues. *See*

*McIntyre v. United States*, 789 F.2d 1408, 1410 (9th Cir. 1986) ("We particularly scrutinize a district judge's rule 54(b) certification . . . to prevent piecemeal appeals in cases which should be reviewed only as single units." (quoting *Curtiss-Wright Corp.*, 446 U.S. at 10)). Finally, the ruling here completely extinguishes the liability of one of the parties. *See, Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.,* 819 F.2d 1519 1525 (9th Cir. 1987).

For the above-stated reasons, Plaintiff submits that entry of a limited judgment for Defendant Slezak is appropriate in this case. Plaintiff respectfully request the Court enter such judgment so that Plaintiff may immediately pursue remedies on appeal.

DATED this 27th day of September, 2024.

Respectfully submitted,

/s/ Josh Lamborn
**Josh Lamborn**, OSB No. 973090
**THE LAW OFFICE OF JOSH LAMBORN, P.C.**
50 SW Pine St., Suite 301
Portland, Oregon 97204
Tel: 503-546-0461
Email: jpl@pdxinjury.com

3 – **PLAINTIFF'S MOTION FOR ENTRY OF LIMITED JUDGMENT FOR DEFENDANT DANNE SLEZAK**